IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AGUER A., <br>    PETITIONER, <br><br> v. <br><br> JIMMY JOHNSON, WARDEN, <br> PRAIRIELAND DETENTION CENTER, <br>    RESPONDENT. | § <br> § <br> § <br> §    CASE NO. 3:19-CV-929-N-BK <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States Magistrate Judge for case management, including issuing findings and a recommended disposition where applicable. On April 16, 2019, Petitioner, an alien detainee awaiting removal, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release on an order of supervision. Doc. 3; Doc. 10 at 8-9. However, a review of Immigration and Customs Enforcement ("ICE") Online Detainee Locator System reflects that Petitioner is no longer in ICE custody.[1] The Court must therefore examine *sua sponte* whether the issue presented in the habeas petition is now moot. *See* FED. R. CIV. P. 12(h)(3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

---

[1] The Online Detainee Locator is available at https://locator.ice.gov (last accessed on February 4, 2020).

Here, the federal habeas petition only sought Petitioner's release from custody on an order of supervision.  Doc. 3; Doc. 10 at 8-9.  Because Petitioner is no longer in ICE custody, his sole cause of action is now moot, and this Court lacks jurisdiction to consider his petition.

Therefore the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as moot.

**SO RECOMMENDED** on February 18, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).